**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SIMONE S. CRAWFORD            CIVIL ACTION NO. 04-0396

VERSUS            JUDGE HICKS

BANK ONE CORPORATION            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

This matter is before the Court for trial on the stipulated record. Plaintiff, Simone Crawford, filed the present suit against Defendant, Bank One Corporation ("Bank One") seeking short-term disability ("STD") benefits pursuant to an employee welfare benefit plan. For the reasons which follow, all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND**

**A.**     **The Short Term Disability Plan**

Bank One sponsors a short-term disability plan ("the Plan") for the benefit of its employees. The Plan defines a short-term disability as being:

> . . . unable to perform the material and substantial duties of your position at Bank One because of an injury or illness. You must be under the regular care of a doctor and your doctor must certify the job duties you're unable to perform.

[JS No. 6].[1] As the Plan Administrator, Bank One reserves "the right to interpret the STD Plan and make all factual determinations." [Id. No 7; AR 345].[2]

---

[1] The joint stipulated facts [Doc. No. 11] will be referred to as "JS No. ___."

[2] The Administrative Record [Doc. No. 13] will be referred to as "AR ___."

### B. Crawford's Employment and Claim for Disability Benefits

Crawford was employed by Bank One from May 8, 2000 to November 20, 2002. [JS No.1]. During the relevant time period, she was the branch manager. [Id. No. 4]. On April 26, 2002, Crawford missed work due to her alleged inability to perform her job duties. [Id. No. 2]. At that time, she was covered by Bank One Corporation's STD Plan. [Id. No. 5]. Accordingly, she applied for benefits under the Plan that same day. [Id. No. 3].

Bank One Disability Management Services interviewed Crawford, then reviewed medical records and certifications submitted by her primary care physician. [AR 008-009].By letter correspondence dated May 2, 2002, Bank One approved Crawford's application and began paying STD benefits. [AR 009, 020]. By correspondence dated May 30, 2002, Bank One re-certified Crawford's leave through June 17, 2002 and continued to pay STD benefits. [AR 019]. However, by correspondence dated July 30, 2002, Bank One retroactively denied Crawford's application for leave and ceased paying STD benefits, stating that "there were no objective findings to substantiate [Crawford's].inability to perform the duties of [her].job." [AR 017].

It appears from the Administrative Record that Crawford then submitted several documents from her medical providers to contest Bank One's denial of benefits. She submitted an August 2, 2002 letter from Dr. Charles Armistead which stated that he was treating her for chronic depression and anxiety associated with multiple physical problems. [AR 062]. He stated that it was unlikely that Crawford would be able to return to work "from an (sic) psychiatric standpoint unless her medical problems can be eliminated," which he opined was "doubtful." [Id.]. On August 12, 2002, Dr. Shane Carr wrote that he was treating Crawford for "severe musculoskeletal pain" and that she was "not available to return to work at [that] time due to the severity of her pain." [AR 058]. Also on August 12,

Dr. James Kim wrote that he saw Crawford on July 6, 2002 and that she was diagnosed with migranes, which Crawford claimed occurred once a week. [AR 067]

On August 26, 2002, the Benefits Review Committee acknowledged receipt of Dr. Armistead's letter, but advised Crawford that in order to appeal the denial of her benefits, she would need to write a letter describing the basis for her appeal and why it should be approved. [AR 059]. The letter also advised her to submit "detailed medical documentation such as physicians' notes of [her] office visits, any test findings, and physician's statement as to why [she is] unable to return to work on a part-time or full-time basis." [Id.]

On September 20, 2002, Crawford timely perfected her appeal of Bank One's denial of leave and STD benefits. [JS No. 9; AR 011, 051]. She submitted a "Health Care Provider Medical Certification" completed by Dr. Holmes which diagnosed her with inflammatory arthritis, generally prescribing "full" job restrictions for an unknown duration [AR 055]. Crawford also submitted a certification from Dr. Carr which diagnosed her with fibromyalgia, inflammatory arthritis, chronic fatigue syndrome and depression. [AR 054]. Dr. Carr listed the "objective findings" as generalized muscle aches, severe fatigue, and weight gain from steroids. [Id.]. While he certified that she became unable to work on April 29, 2002, he wrote "N/A" under "required job restrictions." [AR 054]

The Benefits Review Committee submitted Crawford's records to Professor Nicholas Teteris, M.D., of Ohio State University. [AR 043]. Based on his review, Dr. Teteris concurred that there were no objective findings to substantiate Crawford's inability to perform the duties of her job. [Id.]. Accordingly, by correspondence dated October 30, 2002, the Committee denied the appeal, noting the lack of new information on which to base a reverse of the initial decision that she had failed to show she suffered from a short-term disability after July 14, 2002. [AR 042].

It appears that Crawford then retained legal counsel, as defense counsel contacted Bank One by correspondence dated April 4, 2003. [AR 040-041]. While plaintiff's Brief on the Merits refers to this letter as a "request for reconsideration," it appears to be a demand letter which states that this "offer" would remain open for 20 days. [Id.]. It appears that defense counsel wrote again on August 19, 2003 and submitted medical records from several different providers. [AR 023].

Crawford's records were forwarded to the Medical Review Institute of America, Inc. for review by an independent physician reviewer or clinical advisor. [AR 024-027]. That review, dated September 16, 2003, noted that while Crawford "clearly suffer[ed] from a chronic pain syndrome of unclear etiology," little evidence exists "to suggest that [it is] truly physically disabling." [AR 024-025]. The review ultimately concurred with the previous denial, finding "no documented objective evidence to suggest that she was disabled from a rheumatologic (sic) standpoint from 7/11/02 to 11/11/02." [AR 025].

By correspondence dated October 8, 2003, Bank One's Appeals Review Committee once again upheld the denial, noting the absence of new information on which to base a reversal of the initial decision. [AR 022]. Crawford responded by filing the instant action pursuant to ERISA on February 6, 2004.

## LAW AND ANALYSIS

### A.     Standard of Review Under ERISA

It is well settled that the standard of review in an ERISA case is governed by the language of the plan at issue. If that plan grants the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, then the court must use an "abuse of discretion" standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S. Ct. 948; Duhon v. Texaco Inc., 15 F.3d 1302 (5th Cir. 1994); Wildbur v.

ARCO Chemical Co., 974 F.2d 631 (5th Cir. 1992). According to the Plan at issue, Bank One Corporation "reserves the right to interpret the STD Plan and make all factual determinations." [AR 345]. Accordingly, the "abuse of discretion" standard applies.

In applying the abuse of discretion standard, the Court should analyze whether the administrator acted arbitrarily or capriciously. See Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999)(*quoting* Sweatman v. Commercial Union Ins., Co., 39 F.3d 594, 601 (5th Cir. 1994)). When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, an administrator's decision should be affirmed if it is supported by substantial evidence. See Meditrust Financial Services, Corp., 168 F.3d at 215.

A decision is arbitrary only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence." Id. (*quoting* Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 828-29 (5th Cir. 1994)). The Court's review of the administrator's decision "need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness–even if on the low end." Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 297 (5th Cir. 1999).

Courts apply a sliding scale to the abuse of discretion standard where it is determined that the administrator acted under a conflict of interest. Lain v. UNUM Life Ins. Co. of America, 279 F.3d 337, 343 (5th Cir. 2002). "'The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be.' When a minimal basis for a conflict is established, we review the decision with 'only a *modicum less* deference than we would otherwise.'" Id. (*quoting* Vega, 188 F.3d at 299)(emphasis in original).

## B. Bank One's Determination in Light of the Administrative Record

In evaluating whether a plan administrator abused its discretion in making a factual determination, a district court may only consider the evidence that was available to the administrator at the time of his decision.[3] See Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5t Cir. 1993). See also Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999). Evidence which was not a part of the administrative record cannot be admitted in the district court to resolve a factual issue which the administrator relied upon when resolving the merits of the claim. See Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 289 (5th Cir. 1999). As the Fifth Circuit clarified:

> As a result, a district court must inquire only whether the "record adequately supports the administrator's decision."; from that inquiry it can conclude that the administrator abused its discretion if the administrator denied the claim "[w]ithout some concrete evidence in the administrative record."

Gooden v. Provident Life & Acc. Ins. Co., 250 F.3d, 329, 333 (5th Cir. 2001)(*quoting* Vega, 188 F.3d at 298, 302).

Bank One's decision that Crawford was not disabled was a factual determination. Meditrust Financial Services, *supra*. Bank One initially determined that Crawford was not "disabled" (as that term was defined by the Plan) on July 30, 2002, stating that "there were no objective findings to substantiate [Crawford's] inability to perform the duties of [her] job." [AR 017]. That factual determination is supported by the medical records submitted by Crawford – none of which contain "objective" data to support a disability.

---

[3]Accordingly, neither Plaintiff's stricken affidavit nor defense counsel's reference to a medical treatise is admissible.

Crawford argues that the "objective evidence" ranges from severe pain and aches in multiple joints to chronic fatigue, insomnia, depression, migraines and memory impairment." [Pl. Brief on the Merits at 12-13]. However, none of these "subjective" complaints constitute "objective" evidence of a disability. Merriam Webster defines "objective" as "perceptible to persons other than the affected individual."[4] This is opposed to "subjective," which is defined as "arising out of or identified by means of one's perception of one's own states and processes."[5] All of the above symptoms – severe pain, fatigue, depression – are based solely on Crawford's perception of her complaints, not on her physicians' perception of "objective findings."

While the elevated test readings and weight gain might constitute "objective" evidence, Crawford failed to submit any information to Bank One that would show that she could not work based on these elevated test readings or because of her weight gain. There is no link between any objective evidence and Crawford's alleged disability. She simply failed to submit any observable, objective evidence that she could not perform the material and substantial duties of her job. Her physicians' conclusory statements that she was "incapacitated," "bedridden," and "unable to work" (based on her subjective complaints of pain and fatigue) with no supporting objective findings are simply not enough. See Gooden v. Provident Life and Accident Ins. Co., 250 F.3d 329, 333-334 (5th Cir. 2001)(treating physician's conclusion that patient was disabled was not supported by medical evidence and was contradictory with other evidence.) Accordingly, the Court finds

---

[4]Merriam Webster Online, http://www.m-w.com/dictionary/objective.

[5]Id., http://www.m-w.com/dictionary/subjective.

that there was a "rational connection" between the known facts and Bank One's decision to deny Crawford benefits and that Bank One's determination was reasonable.

The Benefits Review Committee denied Crawford's appeal on October 30, 2002, noting the lack of new information on which to base a reverse of the initial decision that she had failed to show she suffered from a short-term disability after July 14, 2002. [AR 042]. The Appeals Review Committee once again upheld the denial on October 8, 2003, noting the absence of new information on which to base a reversal of the initial decision. [AR 022].

Bank One's decision to uphold the denial of Short term disability benefits is supported by additional concrete evidence contained in the administrative record – the reviews conducted by the Medical Review Institute of America, Inc. and Dr. Teteris. The Medical Review Institute noted that while Crawford "clearly suffer[ed] from a chronic pain syndrome of unclear etiology," little evidence exists "to suggest that [it is] truly physically disabling." [AR 024-025]. That review ultimately concurred with the previous denial, finding "no documented objective evidence to suggest that she was disabled from a rheumatologic (sic) standpoint from 7/11/02 to 11/11/02." [AR 025]. Likewise, the review of Prof. Teteris, M.D., of Ohio State University, concurred that there were no objective findings to substantiate Crawford's inability to perform the duties of her job. [AR 043]. Accordingly, the Court finds that there was a "rational connection" between the available information and Bank One's decision and that Bank One's determination was reasonable.

Applying the standards discussed above to the administrative record, the Court concludes that Bank One did not abuse its discretion in denying Crawford's claim. Bank One's determination is consistent with a correct interpretation of the Plan and a reasonable

determination of the facts based on the administrative record. The jurisprudence is clear that an administrator does not abuse its discretion by denying a claim based upon an independent examination which disagrees with the plaintiff's physicians. See Black and Decker Disability Plan v, Nord, 538 U.S. 822, 123 S.Ct. 1965 (2003); Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc., 168 F.3d 211, 215 n.7 (5th Cir. 1999); Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 603 (5th Cir. 1994). See also Alcorn v. The Sterling Chemicals, Inc., 991 F. Supp. 609, 616-17 (S.D. Texas)(*citing cases*). Accordingly, even according Bank One a *modicum less* deference based on a potential conflict, the Court finds that Bank One did not abuse its discretion in denying Crawford's claim for short term disability benefits.[6]

## CONCLUSION

For the foregoing reasons, all claims made by Simone S. Crawford against Bank One Corporation are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of February, 2006.

*[signature]*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Even assuming Crawford properly stated a claim for long-term disability benefits, that claim would fail for the same reasons that her STD claim fails.